

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-3-2004

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4506

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Chen v. Atty Gen USA" (2004). *2004 Decisions.* Paper 731.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/731

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 02-4506
_____

YAN RONG CHEN,

Petitioner

v.

JOHN ASHCROFT, Attorney General
of United States of America

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A77 309 323)

_____

Submitted Under Third Circuit LAR 34.1(a)
December 15, 2003

BEFORE: ROTH, McKEE, and ROSENN, <u>CIRCUIT JUDGES</u>

(Filed May 3, 2004)
_____

OPINION
_____

ROTH, <u>Circuit Judge</u>

Yan Rong Chen, a native and citizen of the People's Republic of China,

petitions for review of a final order of the Board of Immigration Appeals (BIA).  For

the reasons that follow, we will deny the petition.

I.

On May 19, 2000, Chen entered the United States with a fraudulent passport. The Immigration and Naturalization Service (INS)[1] initiated removal proceedings against Chen, charging her as inadmissible pursuant to Section 212(a)(6)(C)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(C)(i), as an alien who sought admission by fraud or willful misrepresentation, and under Section 212(a)(7)(A)(i)(I) of the INA, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant not in possession of a valid entry document. She conceded removability but requested asylum, withholding of removal, and relief under the United Nations Convention Against Torture. Chen's application was based on her alleged resistance to China's population control measures.

The Immigration Judge (IJ) denied all relief on the basis of an adverse credibility determination, finding that Chen did not testify coherently and failed to "produce any objective evidence to show that the birth control policy in China requires unmarried women over the age of 20 to submit to quarterly examinations as she

---

[1]We recognize, of course, that the Department of Homeland Security recently took over the functions of the former INS. For the sake of convenience, and because the INS was the actor at most times relevant to this appeal, we continue here to refer to the INS.

alleged."[2]  Chen appealed, the BIA affirmed, and Chen filed a timely petition for

review.

II.

To be granted asylum as a refugee, an applicant must establish that she is unable

to return her homeland "because of persecution or a well-founded fear of persecution

on account of race, religion, nationality, membership in a particular social group, or

political opinion."  8 U.S.C. § 1101(a)(42).  Whether an applicant has demonstrated

"persecution" or a "well-founded fear of persecution" is a factual determination

reviewed under the substantial evidence standard.  Abdille v. Ashcroft, 242 F.3d 477,

483 (3d Cir.2001).  Under this standard, we will uphold findings of fact to the extent

they are "supported by reasonable, substantial, and probative evidence on the record

considered as a whole."  Balasubramanrim v. INS, 143 F.3d 157, 161 (3d Cir.1998).

Similarly, adverse credibility determinations are also reviewed for substantial

evidence, see Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir.2003) (en banc), and must be

upheld unless "any reasonable adjudicator would be compelled to conclude to the

contrary."  Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir.2002) (citing INA §

242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B)) (internal quotation omitted).  Only

---

[2] Alternatively, the IJ found that Chen was not persecuted on account of her "resistance to a coercive population control program."  8 U.S.C. § 1101(a)(42)(B).  We will not review this determination because, as explained below, we conclude that the IJ's adverse credibility determination is supported by substantial evidence.

3

discrepancies that "involve the heart of the asylum claim" can support an adverse credibility finding.  Id.  "[M]inor inconsistencies" do not provide an adequate basis for an adverse credibility finding.  Id.

### III.

We have reviewed the record in its entirety and find substantial evidence to support the adverse credibility determination.[3]  As the IJ noted, Chen testified inconsistently concerning why birth control officials demanded that she submit to a pregnancy examination.  Chen initially maintained that a new regulation required that all females over 20 years old undergo a check-up every three months to determine if they are pregnant.  See Administrative Record at 73, 262.  On cross-examination, however, Chen indicated for the first time that the birth control officials may have suspected that she was pregnant because she had a boyfriend.  Id. at 97-98.  Moreover, Chen's credibility is undermined by discrepancies between her asylum application and her testimony.  For example, in her application, Chen stated that she was notified via telephone on January 1, 2000, of her need to report for a physical examination.  Id. at 262.  Chen testified, however, that her mother received written notice of the examination on January 10, 2000.  Id. at 71-72.  In addition, Chen testified that her parents were detained for two days after she failed to report for a second scheduled

---

[3] As the BIA affirmed without opinion, we will review the decision of the IJ.  Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir.2001)

4

examination, <u>id.</u> at 83-84; this fact was omitted from her application. These inconsistencies go to the heart of Chen's asylum claim and would not compel any reasonable factfinder to find that her claims were credible.

IV.

For the foregoing reasons, we conclude that the IJ's adverse credibility determination is supported by reasonable, substantial, and probative evidence on the record as a whole. Accordingly, we will deny Chen's petition for review.